UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN, | § | |
|     Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | 3:19-CV-2332 |
| FREDERICK P. CERISE, MD, | § | |
| DAVID PAUL CHASON, MD., | § | |
| ENDEL ALEKSANDER SORRA, MD., | § | |
| LUPE VALDEZ, DIANNE LIREY, | § | |
| and DEBRA ENGLISH, | § | |
|     Defendants. | § | |

**DEFENDANT LUPE VALDEZ'S NOTICE OF REMOVAL, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

The Defendant Lupe Valdez, ("Valdez"), pursuant to 28 U.S.C. § 1441, hereby removes Plaintiff's Texas state district court civil action to the United States District Court for the Northern District of Texas–Dallas Division.

## I.   STATEMENT OF FACTS

1.1   This Notice of Removal is filed within 30 days of receipt of the complaint that first asserts a federal question claim.  No properly joined and served defendant opposes removal of this civil action.

1.2   The Plaintiff filed suit on 3 January 2019 in the 191st Judicial District Court of Dallas County, Texas, Cause No. DC-19-00086.  (*See* Index of State District Court Documents ("Index") at Tab 1, Tab 2.)  Plaintiff served Valdez[1] with a citation to appear on 4 September 2019.  (*See* Index at Tab 22.)

---

[1] Valdez is the former elected Sheriff of Dallas County, Texas.  Plaintiff sues Valdez in her official capacity, but he mistakenly identifies Valdez as a "Deputy Sheriff."  (*See* Complaint at 1, 3-4 (Tab 2).)  Dallas County is the actual defendant, not Valdez personally.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n.55.).

1.3     Plaintiff pleads claims arising under 42 U.S.C. § 1983, specifically, claims arising under the First, Eighth, and Fourteenth Amendments. (*See* Amended Petition (the "Complaint") (Index at Tab 2).) Plaintiff seeks monetary relief. (*See* Complaint.)

## II.     ARGUMENT AND AUTHORITIES

2.1     Title 28, Section 1441 of the United States Code governs the removal of civil actions from a state court to a federal court. Section 1441(a) provides that:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28, Section 1331 of the United States Code describes the federal question jurisdiction of the federal district courts:

> The district courts shall have original jurisdiction of all civil action arising under the constitution, laws, or treaties of the United States.

2.2     More specifically, 28 U.S.C. § 1343(a) describes the federal court's jurisdiction regarding civil rights allegations:

> (a)     The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> * * *
>
>     (3)   To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
>     (4)   To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Title 42, Section 1983 of the United States Code provides a cause of action for the deprivation of civil rights:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2.3   The present case is properly removed to this United States District Court because Plaintiff pleads claims that fall within this district court's original jurisdiction. Plaintiff alleges claims arising under a federal statute, 42 U.S.C. § 1983. Plaintiff's allegations therefore present a "federal question" as contemplated by 28 U.S.C. §§ 1331 and 1343. Section 1983 cases filed in state courts may be removed by defendants to a federal district court under 28 U.S.C. § 1441, the general federal question removal statute, because they are cases which could have originally been filed in federal district court. *See Merrell Dow Pharms, Inc. v. Thompson*, 478 U.S. 804 (1986); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U. S. 1 (1983); and *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). Therefore, Valdez is entitled by statute to remove Plaintiff's state court action to this United States District Court.

2.4   No defendant that has been properly joined and served opposes the removal of this civil action to this United States District Court.

WHEREFORE, Defendant Lupe Valdez, Deputy Sheriff, requests that this civil action be removed from the 191st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas–Dallas Division.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*/s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

John Butrus
Assistant District Attorney
Texas State Bar No. 03537330
john.butrus@dallascounty.org

Federal Litigation Division
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas  75207
Telephone:     214-653-3692
Telecopier:    214-653-2899

ATTORNEYS FOR THE DEFENDANT LUPE VALDEZ

## CERTIFICATE OF SERVICE

  I certify that on 1 October 2019 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including the following *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Winston L. Borum
Watson, Caraway, Midkiff & Luningham, LLP
200 Fort Worth Club Building
306 W. 7th Street
Fort Worth, Texas 76102

Philipa M. Remington
Cathryn R. Paton
Thiebaud Remington Thornton Bailey LLP
Two Energy Square
4849 Greeneville Avenue, Suite 1150
Dallas, Texas 75206

  I certify that on 1 October 2019 I served the foregoing document to the following persons by First Class mail:

Patrick Edward Brown
TDC No. 2142302
Michael Unit
2662 FM 2054
Tennessee Colony, Texas 75886

                *s/ Jason G. Schuette*
                Assistant District Attorney