IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2332-E-BK |
| | § | |
| LUPE VALDEZ, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B)&(C), this case was referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Defendants Endel Aleksander Sorra, M.D. ("Sorra") and Debra English, R.N.'s ("English") *Motion to Dismiss*. Doc. 9. For the reasons that follow, the motion should be **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in state court, alleging that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments by committing medical malpractice and negligence. Doc. 3-1 at 11. Plaintiff's Original Petition named as Defendants Parkland Memorial Hospital and five John Does. Doc. 3-1 at 3. Plaintiff's First Amended Petition added four named Defendants, including Defendant Sorra, and Plaintiff's Second Amended Petition added Defendant English. Doc. 3-1 at 30, 51.

Plaintiff's Third Amended Petition, however, omitted Defendants Sorra and English. Doc. 3-1 at 112. Subsequently, after Defendant Lupe Valdez removed the action to this Court, Doc. 1, Defendants Sorra and English filed the instant *Motion to Dismiss*. Doc. 9. Plaintiff has

failed to file a response within the 21-day time limit imposed by the local rules.  *See* N.D. Tex. L. Civ. R. 7.1(e).

## II.   LEGAL STANDARD AND ANALYSIS

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994).  Texas law similarly holds that "an amended petition supplants all former petitions and operates to dismiss parties and causes of actions if they are omitted from the amended pleading." *Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 742 (E.D. Tex. 1999) (citing *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972)).

Here, Plaintiff's Third Amended Petition—which omits Defendants Sorra and English—operates as a voluntary dismissal of the claims against those Defendants.  *See Webb*, 488 S.W.2d at 409 (reversing trial court's determination to dismiss with prejudice because omitting a defendant in an amended pleading operates as a voluntary dismissal).  Plaintiff's Third Amended Petition fails to adopt or incorporate any earlier pleading.  *See King,* 31 F.3d at 346; Doc. 3-1 at 112.  Moreover, Plaintiff omission of Defendants Sorra and English from the Third Amended Petition appears intentional.  For example, on September 20, 2019—the same day Plaintiff filed the Third Amended Petition omitting Defendants Sorra and English—Plaintiff sent a letter to the District Court of Dallas, Dallas County Division requesting that Defendants Sorra and English be removed and replaced with two other defendants in the pleadings.  *See* Doc. 3-1 at 112, 125.  Voluntary dismissal under Rule 41 is appropriate because Plaintiff's September 20, 2019 letter (constructive notice of dismissal) was filed before Defendants Sorra and English's September 26, 2019 answer.  *See* FED. R. CIV. P. 41(a)(1)(A)(i); Doc. 3-1 at 125, Doc. 3-2 at 2.

### III.  CONCLUSION

For the foregoing reasons, it is recommended that Defendants Sorra and English's *Motion to Dismiss*, Doc. 9, be **GRANTED**, and the Clerk of Court be directed to terminate Sorra and English as Defendants in this action.

**SO RECOMMENDED** on October 25, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE
### AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).