IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2332-E-BK |
| | § | |
| LUPE VALDEZ, ET AL., | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, before the Court are Plaintiff's four motions for leave to amend. The motions are **DENIED** for the reasons stated herein.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is *a pro se* civil action filed by Patrick Edward Brown, a Texas prisoner,[1] on December 20, 2018,[2] against former Dallas County Sheriff Lupe Valdez ("Valdez") and various medical professionals at Parkland Memorial Hospital ("Parkland"), alleging (as liberally construed) civil rights violations under the First, Eighth, and Fourteenth Amendments to the Constitution, as well as medical malpractice and negligence. Doc. 3-1 at 112. The case was removed to this Court on October 1, 2019. Doc. 1. Prior to the removal, Plaintiff filed an original and three amended petitions. Doc. 3-1 at 3-12; Doc. 3-1 at 30-39; Doc. 3-1 at 51-60; Doc. 3-1 at 112-121. Plaintiff's third amended petition (the "Operative Complaint") is file-

---

[1] Plaintiff was a pretrial detainee during the events at issue. *See* Doc. Doc. 3-1 at 118-119.

[2] December 20, 2018 is the date Plaintiff's original petition was signed and presumably delivered to prison officials for mailing. Doc. 3-1 at 3, 12. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system.").

stamped September 20, 2019, Doc. 3-1 at 112.  The following recitation of the facts are taken from the Operative Complaint.

On September 29, 2016, Plaintiff underwent surgery at Parkland performed by David Paul Chason, M.D. ("Dr. Chason") and Endel Aleksander Sorra, M.D. ("Dr. Sorra"), to repair an injury to his nose.  Doc. 3-1 at 116.  Plaintiff was returned to the jail's infirmary to recover and later reported to "Jane Doe, R.N." ("Nurse Doe") that he believed the "Doyle splints"[3] in his nose had "come loose."  Doc. 3-1 at 116.  Nurse Doe determined that the left Doyle splint remained intact but did not examine the right Doyle splint.  Doc. 3-1 at 116.  On October 24, 2016, Plaintiff returned to Parkland where the Doyle splints were removed by either Dr. Chason or Dr. Sorra.  Doc. 3-1 at 117.  However, on January 10, 2017, Plaintiff sneezed out a Doyle splint that should have been removed during his October 24, 2016 Parkland visit.  Doc. 3-1 at 117-18.  The next day, Diane Urey, P.A. ("P.A. Urey") examined Plaintiff's nostril but kept the expelled Doyle splint, citing security concerns.  Doc. 3-1 at 118.

On February 13, 2017, either Dr. Chason or Dr. Sorra informed Plaintiff that an additional surgery was necessary to repair Plaintiff's nose.  Doc. 3-1 at 118.  However, the surgery was not scheduled because Plaintiff was released from jail on pretrial bond just ten days later.  Doc. 3-1 at 118-119.  On March 16, 2017, Plaintiff was jailed again in Dallas County and asked P.A. Urey to reschedule Plaintiff's corrective surgery, but she did not do so.  Doc. 3-1 at 119.  Plaintiff subsequently sent several grievances to Defendant Valdez, alleging that he received negligent medical care that amounted to cruel and unusual punishment, but Plaintiff

---

[3] Doyle splints are used to "provide septal support and reduce or prevent adhesions between the septum and lateral nasal wall following surgery."  DOYLE OPEN LUMEN SPLINT, https://www.bosmed.com/en/rhinology/nasal-splints/doyle-open-lumen-splint/ (last visited May 8, 2020).

never received a response. Doc. 3-1 at 119. Plaintiff was transferred to the Texas Department of Criminal Justice Correctional Institutions Division ("TDC") on July 25, 2017, and about six months later, when his "medical condition started to worsen," Plaintiff sought assistance from TDC officials and ultimately received corrective surgery on July 11, 2018. Doc. 3-1 at 118-119.

Plaintiff complains that Defendants "were negligent to a serious medical condition brought on by medical malpractice-negligence," which violated his rights under the First, Eighth and Fourteenth Amendments. Doc. 3-1 at 120. Plaintiff seeks compensatory damages. Doc. 3-1 at 120.

## II.  APPLICABLE LAW

Rule 15(a) of the Federal Rules of Civil Procedure requires that a trial court grant a party leave to amend a complaint freely and "evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). Thus, a court must have a "substantial reason" to deny a party's request to amend. *Id.* In deciding whether to grant or deny a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment." *Id.* (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). Further, denial of a motion for leave to file an amended complaint is within the Court's discretion when the amendment would be futile. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). The "futility standard" is "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

### III.  ANALYSIS

Each of Plaintiff's four motions for leave to amend request permission to file the same proposed amended complaint ("Proposed Complaint"), Doc. 19 at 2-11, which is attached only to his first motion for leave.  *See* Doc. 19 at 1-2; Doc. 26 at 1; Doc. 30 at 6; Doc. 35 at 6.  Plaintiff asserts that he should be permitted to add the true names of the John and Jane Doe defendants listed in his original petition.[4]  Doc. 19 at 1-2.  Also, by his Proposed Complaint, Plaintiff attempts to, *inter alia*, (1) add as Defendants Gentry Michael Hansen, M.D. ("Dr. Hansen"), Khoa Dinh Tran, D.D.S. ("Dr. Tran"), and Nima Deljavan, D.D.S. ("Dr. Deljavan"); and (2) reassert claims against Nurse English and Nurse Doe, who, although initially named as Defendants, were omitted from the Operative Complaint.[5]  *Compare* Doc. 19 at 2 (Proposed Complaint), *with* Doc. 3-1 at 112 (Operative Complaint).

Several Defendants oppose the motion, arguing that any causes of action against added parties would be barred by the statute of limitations.  Doc. 23 at 3, 8; TEX. CIV. PRAC. & REM. CODE § 16.003(a).  Upon review, the Court finds that Defendants' arguments have merit; thus, the Court concludes it would be futile to permit the amendments.

### The proposed claims against the additional defendants are untimely.

A two-year limitations period applies to Plaintiff's state tort claims and his Section 1983 claims.  *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995) (Texas's two-year statute of limitations for personal injury actions

---

[4] Plaintiff's second, third, and fourth motions for leave to amend also request leave to file the Proposed Complaint attached to the initial motion.  *See* Doc. 26 at 1; Doc. 30 at 6; Doc. 35 at 6.

[5] Nurse Doe and Nurse English was previously included in Plaintiff's original petition and second amended petition, respectively.  Doc. 3-1 at 3, 51.  Both were omitted from the Operative Complaint.  Doc. 3-1 at 112.

applies to Section 1983 claims filed in Texas).  Moreover, under FED. R. CIV. P. 15(c)(1), an

amendment to substitute a named party for an unidentified defendant (i.e., John or Jane Doe)

does not relate back to the date of the original complaint.  *Jacobson v. Osborne*, 133 F.3d 315,

319 (5th Cir. 1998); *Whitt v. Stephens County*, 529 F.3d 278, 282–283 (5th Cir. 2008)

(amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)).

Here, Plaintiff's federal and state claims arise from Defendants' alleged delay in

providing him surgery.  While Plaintiff obviously knew that additional surgery was required

when the doctor informed him of such in February 2017, Doc. 3-1 at 118, at the outside, his

claims accrued the day before he was transferred to TDC—July 24, 2017.  Thus, any claims filed

after July 23, 2019 are barred by limitations.

Clearly, Plaintiff's claims against the individuals he names for the first time in the

Proposed Complaint, to-wit: Doctors Hansen, Tran, and Deljavan, are untimely since the

Proposed Complaint was not submitted until October 10, 2019.  Doc. 19 at 12.  The same is true

as to the claims Plaintiff seeks to allege in the Proposed Complaint against the previously

unidentified John and Jane Doe Defendants since, as mentioned above, such claims do not relate

back to any prior petition.

Moreover, Plaintiff previously abandoned his claims against Nurse English by failing to

include them in the Operative Complaint and failing to respond to Defendants' motion for an

order of dismissal on that basis, Doc. 16; as reflected in the Court's judgment, Doc. 27.

Consequently, any claims against Nurse English proposed after July 23, 2019 are untimely and

do not relate back to any pending claims because there simply are none.

Finally, Plaintiff has neither argued nor posited any facts from which the Court can infer

that any other exception applies to toll limitations as to any of the proposed defendants.  *See*

*Costley v. Lamar Cty. Tx.*, 717 F.3d 410, 419, 421-22 (5th Cir. 2013) (setting forth the relation-back doctrine, estoppel, and equitable tolling as possible exceptions to a time bar).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (explaining that equitable tolling generally requires a showing that "(1) [a litigant] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.).  And while ignorance of the law is no excuse, Plaintiff has significant experience as a *pro se* litigator.[6]

Under the described circumstances, leave to amend to add defendants and claims would be futile and cause needless delay.  *See Lofton v. Hawkins*, No. 3:19-CV-1231-N-BK, 2019 WL 7762202, at *3 (N.D. Tex. Dec. 17, 2019) (Toliver, J.) *adopted by* 2020 WL 470282 (N.D. Tex. Jan. 28, 2020) (Godbey, J.) (dismissing with prejudice when plaintiff's claims were fatally infirm and granting leave to amend would cause needless delay).

## IV.  CONCLUSION

For the forgoing reasons, Plaintiff's *Motion for Leave to File an Amended Complaint*, Doc. 19; Plaintiff's *Motion Requesting the Permission of the Defendants and the Honorable Court and Magistrate United States Judge Renee Harris Toliver to Allow the Plaintiff to go with the Amended Complaint that Cure the Deficiency of the Active Civil Cause which Named Defendants that was "Not" Apart of the Suit*, Doc. 26; Plaintiff's *Motion of "Objection" and to Clarify Amended Complaint which Named New Defendants (Doc. 19)*, Doc. 30; and Plaintiff's *Motion for Opposition to Defendants Response to Plaintiff's Motion for Leave to Amend*

---

[6] *See Pickens v. Nunn*, No. 2:04-CV-0085, at *1 (N.D. Tex. Apr. 20, 2004) (Robinson, J.) (concluding Plaintiff is barred by the PLRA's three-strikes provision); Doc. 3-1 at 113 (even though Plaintiff lists his name in the petition as Patrick Edward Brown, Plaintiff concedes that "at the time of the incident [he] was under the alias Darrell Pickens.").

*Complaint Pursuant to Rule 15(c)(1)(B) section (ii) Fed. Rules of Civil Procedure*, Doc. 35 are

**DENIED**.[7]

      **SO ORDERED** on May 8, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[7] *See PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1420-21 (5th Cir. 1996) (motion for leave to amend is non-dispositive); *see also Cambridge Toxicology Gr., Inc. v. Exnicios*, 495 F.3d 169, 177 (5th Cir. 2007) (affirming magistrate judge's order denying leave to amend and district judge's denial of the plaintiff's appeal).