IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2332-E-BK |
| | § | |
| LUPE VALDEZ, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, before the Court is *Defendant Lupe Valdez's Rule 12(c) Motion to Dismiss Plaintiff's Federal Claims Alleged Against Her in Plaintiff's Amended Petition*, Doc. 15. As detailed here, Defendant's motion should be **GRANTED**, Plaintiff's federal claims under section 1983 against all Defendants should be **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims for medical malpractice and negligence should be **REMANDED** back to the 191st Judicial District Court of Dallas County, Texas.

**I. BACKGROUND AND PROCEDURAL HISTORY**

This is *a pro se* civil action filed by Patrick Edward Brown, a Texas prisoner,[1] against former Dallas County Sheriff Lupe Valdez ("Valdez") and various medical professionals at Parkland Memorial Hospital ("Parkland"), alleging (as liberally construed) civil rights violations of the First, Eighth, and Fourteenth Amendments to the Constitution, as well as medical malpractice and negligence. Doc. 3-1 at 112. Valdez removed the case to this Court based on

---

[1] Plaintiff was a pretrial detainee during the events at issue. *See* Doc. 3-1 at 118-119.

federal question jurisdiction.  Doc. 1 at 1.  The following recitation of the facts are taken from Plaintiff's third amended petition (the Operative Complaint).

On September 29, 2016, Plaintiff underwent surgery at Parkland performed by David Paul Chason, M.D. ("Dr. Chason") and Endel Aleksander Sorra, M.D. ("Dr. Sorra"), to repair an injury to his nose.  Doc. 3-1 at 116.  Plaintiff was returned to the jail's infirmary to recover and later reported to "Jane Doe, R.N." ("Nurse Doe") that he believed the "Doyle splints"[2] in his nose had "come loose."  Doc. 3-1 at 116.  Nurse Doe determined that the left Doyle splint remained intact but did not examine the right Doyle splint.  Doc. 3-1 at 116.  On October 24, 2016, Plaintiff returned to Parkland where the Doyle splints were removed by either Dr. Chason or Dr. Sorra.  Doc. 3-1 at 117.  However, on January 10, 2017, Plaintiff sneezed out a Doyle splint that should have been removed during his October 24, 2016 Parkland visit.  Doc. 3-1 at 117-18.  The next day, Diane Urey, P.A. ("P.A. Urey") examined Plaintiff's nostril but kept the expelled Doyle splint, citing security concerns.  Doc. 3-1 at 118.

On February 13, 2017, either Dr. Chason or Dr. Sorra informed Plaintiff that an additional surgery was necessary to repair Plaintiff's nose.  Doc. 3-1 at 118.  However, the surgery was not scheduled because Plaintiff was released from jail on pretrial bond just ten days later.  Doc. 3-1 at 118-119.  On March 16, 2017, Plaintiff was jailed again in Dallas County and asked P.A. Urey to reschedule Plaintiff's corrective surgery, but she did not do so.  Doc. 3-1 at 119.  Plaintiff subsequently sent several grievances to Valdez, alleging that he received negligent

---

[2] Doyle splints are used to "provide septal support and reduce or prevent adhesions between the septum and lateral nasal wall following surgery."  DOYLE OPEN LUMEN SPLINT, https://www.bosmed.com/en/rhinology/nasal-splints/doyle-open-lumen-splint/ (last visited May 8, 2020).

medical care that amounted to cruel and unusual punishment, but Plaintiff never received a response. Doc. 3-1 at 119.

Plaintiff complains that Defendants[3] "were negligent to a serious medical condition brought on by medical malpractice-negligence," which violated his rights under the First, Eighth and Fourteenth Amendments. Doc. 3-1 at 120. Plaintiff seeks compensatory damages. Doc. 3-1 at 120. Defendants Dallas County, Texas ("the County") and Valdez now move for judgment on the pleadings under Rule 12(c).[4]

## II.  APPLICABLE LAW

**A.  Rule 12(c) Standard**

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's

---

[3] Plaintiff's Operative Complaint names the following Defendants:  Frederick P. Cerise, M.D., M.P.H.; Dr. Chason; G. Paul Singh Tiwana, D.D.S., M.D., M.S.; Valdez; P.A. Urey; and Para Brackens.  Doc. 3-1 at 112.

[4] Although not named as a defendant in the Operative Complaint, Doc. 3 at 112, Dallas County joins the motion for judgment on the pleadings because it is the real party in interest as to any claims against Valdez in her official capacity. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).

3

complaint, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13.

B. **Section 1983**

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, a plaintiff must allege facts that show that he was deprived by the defendant of a right secured by the Constitution and laws of the United States and the defendant was acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Plaintiff concedes that his claims against Valdez are actually against the County. Doc. 34 at 1; *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir. 1996) (claims against sheriff in his official capacity are to be treated as claims against the county). A county does not automatically incur section 1983 liability for injuries caused solely by its employees, and it cannot be held liable on a *respondeat superior* theory. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691, 694 (1978); *Johnson v. Deep East Tex. Reg'l Narc.*, 379 F.3d 293, 308 (5th Cir. 2004). Rather, to establish municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) that the policy or custom was the moving force behind the violation of a constitutional right. *Monell*, 436 U.S. at 694. The third *Monell* prong encompasses both a causal link ("moving force") and the county's requisite degree of culpability ("deliberate indifference" to federally protected rights). *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (citation omitted).

### III.  ANALYSIS

#### A.  Plaintiff's Federal Claims Should be Dismissed with Prejudice

The County argues that Plaintiff's section 1983 claims—alleging constitutional violations under the First, Eight, and Fourteenth Amendments—should be dismissed because he fails to plead sufficient facts to support the existence of an official policy.  Doc. 15 at 20.  Plaintiff wholly fails to address this argument in his response.  *See* Doc. 34 *passim*.  Instead, Plaintiff argues:

> (1) this case should not have been removed from state court, *see* Doc. 34 at 3;
>
> (2) the Court lacks jurisdiction and the case should be remanded back to state court because "mere negligence and most medical malpractice (do not) raise a constitutional violation," *see* Doc. 34 at 8; and
>
> (3) in state court, "defendants were in default and before the plaintiff could file his motion for default the defendant Lupe Valdez filed a motion for removal."  Doc. 34 at 3.

Plaintiff's Operative Complaint fails to identify any specific policy or custom that resulted in his alleged injuries.  At best, Plaintiff argues he suffered injuries when Valdez did not reply to his grievances.  *See* Doc. 3-1 at 114 (alleging the County failed to provide him equal protection by not replying to his grievances, and failure to provide adequate medical treatment constitutes cruel and unusual punishment as Plaintiff needed surgery); *see also* Doc. 3-1 at 119 (alleging Defendants violated the Equal Protection Clause under the Fourteenth Amendment because, in his grievances, he wanted to press criminal charges and Defendants denied him that right).  Plaintiff fails to allege, however, that the County ignored his grievances based on an official policy or custom.  *See* Doc. 3-1 at 112-121.  Plaintiff's isolated complaints are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal section 1983 liability.  *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir.

2001) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability.") (quoting *Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir. 1984); *Jackson v. Valdez*, No. 3:18-CV-2935-X-BH, 2020 WL 1428775, at *6 (N.D. Tex. Feb. 27, 2020) (Ramirez, J.), *adopted by* 2020 WL 1339923 (N.D. Tex. Mar. 23, 2020) (Starr, J.) (granting motion to dismiss when plaintiff failed to plead similar specific instances of an alleged custom or policy).

Plaintiff's counter arguments are neither responsive nor persuasive. Valdez's removal based on federal question was proper as Plaintiff's Operative Complaint explicitly seeks relief under 42 U.S.C. §1983 for purported violations under the First, Eighth, and Fourteenth Amendments. *See Richardson v. Motteram*, No. 3:17-CV-2746-M-BK, 2018 WL 3406934, at *2 (N.D. Tex. June 18, 2018) (Toliver, J.) (finding federal question jurisdiction where plaintiff asserted defendants' actions constituted violations of the First and Eighth Amendment), *adopted by* 2018 WL 3392202 (N.D. Tex. July 11, 2018) (Lynn, C.J.).

In sum, Plaintiff fails to identify any specific policy or custom that resulted in his alleged injuries; accordingly, Plaintiff's section 1983 claims against the County should be dismissed with prejudice. *Monell*, 436 U.S. at 694.

Moreover, to the extent Plaintiff asserts section 1983 claims against the other Defendants in their official capacities,[5] who allegedly were medical providers through the Parkland Health & Hospital System, those claims should likewise be dismissed with prejudice for the same reasons as Valdez and Dallas County. 28 U.S.C. § 1915(e)(2)(B)(ii) (provides for the *sua sponte*

---

[5] Plaintiff asserts that Parkland's Director/Coordinator, Dr. Chason, Dr. Sorra, and Nurse Doe are being sued both their official and individual capacities, Doc. 3-1 at 113-15, and that U.A. Urey is being sued in her official capacity, Doc. 3-1 at 115. Later, he generally alleges that "defendant(s)" violated his First, Eighth, and Fourteenth Amendment rights, Doc. 3-1 at 120,

dismissal at any time of a complaint filed *in forma pauperis*, if the Court finds it fails to state a claim upon which relief may be granted).

To the extent Plaintiff asserts section 1983 claims against Dr. Chason, Dr. Sorra, and Nurse Doe in their individual capacities, those claims should also be dismissed with prejudice because (1) as the Court previously concluded, Plaintiff abandoned his claims against Dr. Sorra, Doc. 16; Doc. 27.  Plaintiff's 1983 claims against Dr. Chason are insufficient to survive a motion to dismiss, because, as Plaintiff himself correctly asserts, bare allegations of medical mistakes, negligence, and medical malpractice do not rise to the level of a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see Morris v. UT Sw. Med. Ctr. Hosp. Dallas*, No. 3:15-CV-0305-B-BK, 2015 WL 13735860, at *5 (N.D. Tex. Sept. 23, 2015) (Toliver, J.) (*sua sponte* dismissing with prejudice plaintiff's section 1983 claims against doctors and staff sued in their official and individual capacities under section 1915) *adopted by* 2015 WL 7184878 (N.D. Tex. Nov. 16, 2015) (Boyle, J.).

**B.  Plaintiff's State Law Claims Should be Remanded**

If this recommendation is accepted, all claims supporting federal jurisdiction will be dismissed.  Thus, the Court must reassess its subject matter jurisdiction over the remaining state claims.  *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (district court should reconsider its jurisdiction over "state law claims as of the moment" the federal claims are deleted from the case).

In determining whether to relinquish supplemental jurisdiction over state law claims, the court looks to the statutory factors set forth in 28 U.S.C. § 1367(c), as well as to the common law factors of judicial economy, convenience, fairness, and comity.  *Id.* at 158-59 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors)).  The

statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether, in exceptional circumstances, there are other compelling reasons for declining to exercise jurisdiction. 28 U.S.C. § 1367(c).

Weighing the statutory factors in this case, each factor favors relinquishing jurisdiction except the first because the state claims completely predominate, the federal claims have been recommended for dismissal, and there are no compelling reasons for retaining jurisdiction. 28 U.S.C. § 1367(c). Moreover, the case has not proceeded far in this Court, e.g., no scheduling order has issued governing discovery and other pretrial matters, and exercising supplemental jurisdiction would not serve the values of judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon*, 484 U.S. at 350; *see also Enochs*, 641 F.3d at 163 (holding that the district court abused its discretion by not remanding a case after the voluntary dismissal of the federal claims when the case became a purely Texas state law dispute, was still in its infancy, and no discovery had occurred or trial date had been set).

Therefore, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law medical malpractice and negligence claims. *See Lockhart v. Texas Health Plano*, No. 3:14-CV-0027-G BK, 2014 WL 6901784, at *4 (N.D. Tex. Dec. 8, 2014) (Fish, J.) (accepting magistrate judge's recommendation that the Court should decline to exercise supplemental jurisdiction over state law medical negligence claims); *Brewster v. Nationstar Mortg., LLC*, No. 3:13-CV-2807-M, 2013 WL 6501261, at *7-8 (N.D. Tex. Dec. 10, 2013) (Lynn, C.J.) (remanding case where all federal claims were eliminated and the second and third section 1367(c) factors favored remand).

## C. Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000). Here, Plaintiff should not be granted leave to amend his section 1983 claims because he has had multiple opportunities to plead his case with particularity and has failed to do so. *See id.* Indeed, prior to removal, Plaintiff filed an original and three amended petitions. Doc. 3-1 at 3-12; Doc. 3-1 at 30-39; Doc. 3-1 at 51-60; Doc. 3-1 at 112-121. Under these circumstances, it is apparent that Plaintiff has already pled his best case; thus, leave to amend is not required. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

## IV.  CONCLUSION

For the forgoing reasons, *Defendant Lupe Valdez's Rule 12(c) Motion to Dismiss Plaintiff's Federal Claims Alleged Against Her in Plaintiff's Amended Petition*, Doc. 15, should be **GRANTED**, and Plaintiff's claims against Valdez (Dallas County) should be **DISMISSED WITH PREJUDICE**. Likewise, Plaintiff's section 1983 claims against the remaining Defendants should be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, Plaintiff's state law claims for medical malpractice and negligence against the Defendants who have not already been terminated as defendants through amendment or court order, to-wit: Frederick P. Cerise, M.D., M.P.H.; Dr. Chason; G. Paul Singh Tiwana, D.D.S., M.D., M.S.; Valdez; P.A. Urey; and Para Brackens,[6] should be **REMANDED** back to the 191st Judicial District Court of Dallas County, Texas under 28 U.S.C. § 1367(c)(3).

---

[6] Neither Tiwana nor Brackens have been served.

As no claims will remain pending before this Court, the Clerk of Court should be instructed to close this case.

**SO RECOMMENDED** on June 5, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE
AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).